IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS COX | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-5495 |
| | : | |
| ROBERT DIXON | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                              October 13, 2015

      Plaintiff Marcus Cox, a prisoner incarcerated at the State Correctional Institution at Camp Hill, brings this action pursuant to 42 U.S.C. § 1983, against Robert Dixon, an attorney who represented him in criminal proceedings in state court.  He seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Cox leave to proceed *in forma pauperis* and dismiss his complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    FACTS[1]

Dixon represented Cox in a criminal matter in the Philadelphia Court of Common Pleas, Docket Number CP-51-CR-0013269-2012.  A jury convicted Cox of robbery and he was sentenced to ten to twenty years of imprisonment.  Cox contends that Dixon failed to communicate with him and returned his mail.  Cox also contends that Dixon failed to move for dismissal of the charges and failed to file a notice of appeal on his behalf despite his request.  Accordingly, Cox alleges that Dixon "breached [the] duty of

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and the publicly available docket for the state criminal proceeding underlying Cox's claims.

competence and violated [his] 14th and 6th amendment right[s]." Based on those allegations, Cox raises constitutional claims against Dixon, pursuant to 42 U.S.C. § 1983, seeking damages and equitable relief.

## II. STANDARD OF REVIEW

The Court grants Cox leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Cox is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Dixon's representation of Cox in state court does not render him a state actor for purposes of § 1983. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

defendant in a criminal proceeding." (footnote omitted)).  Accordingly, there is no legal basis for any constitutional claims against Dixon pursuant to § 1983.  As plaintiff cannot cure this deficiency in his complaint, he will not be given leave to amend.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Cox's complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  As Cox has not stated a claim, the Court will also deny his motion for counsel.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

An appropriate Order follows.

---

[2] It is apparent from the complaint that Cox intended to raise § 1983 claims against his attorney. As the Court has explained, there is no legal basis for such claims.  Nothing in this opinion should be construed to preclude Cox from pursuing state claims in state court, should he choose to do so.  The complaint reflects that there is no jurisdictional basis for raising any such state claims in this Court.  *See* 28 U.S.C. § 1332.